IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANI LEWIS CONNER,<br><br>   Plaintiff,<br><br>   v.<br><br>ASSOCIATION OF FLIGHT ATTENDANTS-CWA and COMMUNICATIONS WORKERS OF AMERICA,<br><br>   Defendants. | CIVIL ACTION<br>NO. 13-2464 |

## **ORDER**

**AND NOW**, this 9th day of December, 2014, upon review of Defendants' Second Motion to Dismiss for Failure to State a Claim (Docket No. 23), Plaintiff's Response thereto, and Defendants' Reply, as well as the Report and Recommendation of the Honorable Richard A. Lloret dated November 3, 2014, Plaintiff's Objections to the R&R and Defendants' Response, it is hereby **ORDERED** as follows:

1. The Report and Recommendation of the Honorable Richard A. Lloret dated November 3, 2014, is **APPROVED** and **ADOPTED**;

2. Defendants' Motion to Dismiss is **GRANTED** and Plaintiff's Amended Complaint is **DISMISSED** without prejudice; and

3. Plaintiff may file a Second Amended Complaint that properly pleads "but for" causation within ten (10) days of the date of this order, if she can do so in compliance with the Federal Rules of Civil Procedure.[1]

---

[1] As thoroughly discussed in Judge Lloret's Report and Recommendation, Plaintiff has been unable to plead a set of facts that could possibly support her allegation that she would not have been fired by Defendants but for her initiation of a 2010 discrimination lawsuit against them. As recommended by Judge

2

**BY THE COURT:**

<u>/s/ Jeffrey L. Schmehl</u>
Jeffrey L. Schmehl, J.

---

Lloret, I will provide Plaintiff with one final opportunity to satisfy the pleading standard set forth in <u>University of Texas Southwest Medical Center v. Nassar</u>, 133 S.Ct. 2517 (2013), on this issue. Accordingly, Plaintiff must carefully consider whether she can file a Second Amended Complaint that properly pleads "but for" causation under <u>Nassar</u>, <u>Twombly</u>, and <u>Iqbal</u>. Judge Lloret expressed doubts as to whether Plaintiff could overcome the challenges she faces pleading her case in a manner consistent with <u>Nassar</u>. I share Judge Lloret's doubts as to whether Plaintiff can satisfy the appropriate pleading standard, and therefore reiterate Judge Lloret's admonition that a second amended complaint should be filed if and only if Plaintiff can sufficiently plead her case without violating Rule 11 of the Federal Rules of Civil Procedure.